UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

MARSHALL FREIDUS and EDWARD P. : Civil Action No. 09-cv-1049
ZEMPRELLI, Individually and on Behalf of :
All Others Similarly Situated, : CLASS ACTION
:
                              Plaintiffs, : COMPLAINT FOR VIOLATION OF THE
                                          : FEDERAL SECURITIES LAWS
                                          :
          vs.                             :
                                          :
ING GROEP N.V., ING FINANCIAL             :
HOLDINGS CORPORATION, STICHTING           :
ING AANDELEN, MICHEL J. TILMANT,          :
JOHN C.R. HELE, CEES MAAS, J. HANS        :
VAN BARNEVELD, ERIC F. BOYER DE LA        :
GIRODAY, FRED S. HUBBELL, ELI P.          :
LEENAARS, ALEXANDER H.G. RINNOOY          :
KAN, HANS K. VERKOREN, JOHN K.            :
EGAN, A.H.J. RISSEEUW, H.J. BLAISSE,      :
P.M.L. FRENTROP, T. REGTUIJT, J.J.M.      :
VERAART, ING FINANCIAL MARKETS            :
LLC, UBS SECURITIES LLC, CITIGROUP        :
GLOBAL MARKETS INC., MERRILL              :
LYNCH, PIERCE, FENNER & SMITH             :
INCORPORATED, WACHOVIA CAPITAL            :
MARKETS, LLC, MORGAN STANLEY &            :
CO. INCORPORATED, BANC OF                 :
AMERICA SECURITIES LLC, RBC               :
CAPITAL MARKETS CORPORATION,              :
CREDIT SUISSE SECURITIES (USA) LLC,       :
HSBC SECURITIES (USA) INC. J.P.           :
MORGAN SECURITIES INC., ABN AMRO          :
INC., A.G. EDWARDS & SONS, INC.,          :
WACHOVIA CORPORATION and ERNST &          :
YOUNG LLP,                                :
                                          :
                              Defendants. :
                                          :
————————————————————— x DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1.       This is a securities class action on behalf of all persons who acquired the 6.375% ING Perpetual Hybrid Capital Securities ("6.375% Securities") and/or the 8.50% ING Perpetual Hybrid Capital Securities ("8.50% Securities") (collectively, the "Securities") of ING Groep N.V. ("ING" or the "Company") pursuant or traceable to a false registration statement and two prospectuses (collectively, the "Registration Statement") issued in connection with the Company's June 2007 and June 2008 offerings of the Securities, respectively (the "Offerings").  This action asserts strict liability claims under the Securities Act of 1933 ("1933 Act") against ING, its senior insiders, the investment banks that underwrote the June 2007 and June 2008 Offerings and ING's auditor (collectively, "defendants").

2.       ING is a global financial services company providing banking, investment, life insurance and retirement services.  ING is headquartered in Amsterdam, The Netherlands and has branch offices in the United States and in this District.

3.       Defendants consummated the Offerings pursuant to the false and misleading Registration Statement and Prospectuses.  Specifically, ING sold 41,800,000 6.375% Securities at $25 per share for proceeds of over $1 billion in the June 2007 Offering and 80 million 8.50% Securities at $25 per share for proceeds of approximately $2.0 billion (including the over allotment) in the June 2008 Offering.  The Registration Statement/Prospectuses incorporated ING's financial results for 2005/2006 and 2006/2007.

4.       After the Offerings, ING announced €2 billion in impairment charges associated with its exposure to bad loans, mortgage-related securities and other " pressurized" assets, causing the prices of the Securities issued in the Offerings to decline.

5.       The true facts which were omitted from the Registration Statement were:

- 1 -

(a)    Defendants' assets, including loans and mortgage-related securities, were impaired to a much larger extent than the Company had disclosed;

(b)    Defendants failed to properly record losses for impaired assets;

(c)    The Company's internal controls were inadequate to prevent the Company from improperly reporting the value of its assets; and

(d)    ING was not as well capitalized as represented, and, notwithstanding the billions of dollars raised in the Offerings, the Company would have to raise an additional €10 billion by selling equity in the Company to the Dutch government.

## JURISDICTION AND VENUE

6.    The claims asserted herein arise under and pursuant to §§11, 12(a)(2) and 15 of the 1933 Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].  In connection with the acts complained of, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the 1933 Act.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the underwriter defendants conduct business in this District and many of the acts and practices complained of herein occurred in substantial part in this District.

9.    In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

- 2 -

**PARTIES**

10.    (a)    Plaintiff Marshall Freidus acquired the 6.375% Securities pursuant or traceable to the June 2007 Offering and has been damaged thereby.

(b)    Plaintiff Edward P. Zemprelli acquired the 8.50% Securities pursuant or traceable to the June 2008 Offering and has been damaged thereby.

11.    Defendant ING is a major global financial services provider operating in Europe, the United States, Canada, Latin America, Australia and Asia.  ING is headquartered in Amsterdam, The Netherlands.  Its common shares trade on the Euronext exchange, while the Securities trade on the New York Stock Exchange ("NYSE"), which is an efficient market.

12.    Defendant ING Financial Holdings Corporation ("ING Holdings") is a global financial services company which provides banking, insurance and asset management services in over 50 countries.  ING Holdings is located in New York.

13.    Defendant Stichting ING Aandelen ("Stichting ING") is an administrative trust that holds approximately 99% of the outstanding ordinary shares of ING and that issues bearer depositary receipts for such shares and for ING's preference shares.  Stichting ING governs the rights of the holders of bearer depositary receipts relative to Stichting ING.

14.    Defendant Michel J. Tilmant ("Tilmant") is, and at all relevant times was, a member of the Executive Board of ING from 1998 to May 2000, Vice-Chairman from May 2000 to April 2004 and Chairman of the Executive Board of the Company since April 2004.  Defendant Tilmant signed the false and misleading Registration Statement.

15.    Defendant John C.R. Hele ("Hele") is Chief Financial Officer ("CFO") of the Company and has served as a member of the Executive Board of ING since 2007.  Defendant Hele will be leaving the Company effective March 31, 2009.

16.     Defendant Cees Maas ("Maas") was, at relevant times, CFO of ING from July 1996 until his retirement from the Company in 2007, and Vice-Chairman of the Executive Board from April 2004 to 2007.  Defendant Maas signed the false and misleading Registration Statement.

17.     Defendant J. Hans van Barneveld ("Barneveld") was Principal Accounting Officer of ING.  Defendant Barneveld signed the false and misleading Registration Statement.

18.     Defendant Eric Boyer de la Giroday ("de la Giroday") is, and at all relevant times was, a member of the Executive Board of ING since April 2004.  Defendant de la Giroday signed the false and misleading Registration Statement.

19.     Defendant Fred S. Hubbell ("Hubbell") was, at relevant times, a member of the Executive Board of ING until April 2006.  Defendant Hubbell signed the false and misleading Registration Statement.

20.     Defendant Eli P. Leenaars ("Leenaars") is, and at all relevant times was, a member of the Executive Board of ING.  Leenaars signed the  false and misleading Registration Statement.

21.     Defendant Alexander H.G. Rinnooy Kan ("Rinnooy Kan") was, at relevant times, a member of the Executive Board of ING until April 2006.  Rinnooy Kan signed the  false and misleading Registration Statement.

22.     Defendant Hans K. Verkoren ("Verkoren") was, at relevant times, a member of the Executive Board of ING until April 2006.  Verkoren signed the false and misleading Registration Statement.

23.     Defendant John K. Egan ("Egan") is, and at all relevant times was, CFO and Managing Director of ING Holdings.  Egan signed the false and misleading Registration Statement.

24.     Defendant A.H.J. Risseeuw ("Risseeuw") was, at relevant times, Chairman of the Executive Board of Stichting ING until December 2006.  Risseeuw signed the false and misleading Registration Statement.

25.     Defendant H.J. Blaisse ("Blaisse") is, and at all relevant times was, a member of the Executive Board of Stichting ING since December 1999.  Defendant Blaisse signed the  false and misleading Registration Statement.

26.     Defendant P.M.L. Frentrop ("Frentrop") is, and at all relevant times was, a member of the Executive Board of Stichting ING since July 2004.  Defendant Frentrop signed the  false and misleading Registration Statement.

27.     Defendant T. Regtuijt ("Regtuijt") is, and at all relevant times was, a member of the Executive Board of Stichting ING since May 1996.  Defendant Regtuijt signed the false and misleading Registration Statement.

28.     Defendant J.J.M. Veraart ("Veraart") is, and at relevant times was, a member of the Executive Board of Stichting ING from August 2001, and Chairman of the Executive Board since December 2006.  Defendant Veraart signed the  false and misleading Registration Statement.

29.     The defendants referenced above in ¶¶14-28 are referred to herein as the "Individual Defendants."

30.     Defendant ING Financial Markets LLC ("ING Financial") offers investment banking and corporate financial services.  ING Financial acted as an underwriter in connection with both Offerings.

31.     Defendant UBS Securities LLC ("UBS") is the U.S. investment banking and securities arm of UBS Investment Bank.  UBS Investment Bank provides a range of financial products and services worldwide.  UBS acted as an underwriter in connection with both Offerings.

32.    Defendant Citigroup Global Markets Inc. ("Citigroup") is a large integrated financial services institution that through subsidiaries and divisions provides commercial and investment banking services, commercial loans to corporate entities, and acts as underwriter in the sale of corporate securities.  Citigroup acted as an underwriter in connection with both Offerings.

33.    Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") provides capital markets services, investment banking and advisory services, wealth management, asset management, insurance, banking and related products and services on a global basis.  Merrill Lynch acted as an underwriter in connection with both Offerings.

34.    Defendant Wachovia Capital Markets, LLC ("Wachovia Capital")  is the corporate and investment banking side of brokerage firm Wachovia Securities (both companies are subsidiaries of banking giant Wachovia).  Wachovia Capital provides financial and corporate advisory services, private capital, debt private placement, mergers and acquisitions advice, underwriting, and equity investing.  It also offers real estate financing, risk management services, and structured products such as asset-backed and mortgage-backed securities.  Wachovia Capital acted as an underwriter in connection with both Offerings.

35.    Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley") is a global financial services firm that, through its subsidiaries and affiliates, provides its products and services to customers, including corporations, governments, financial institutions and individuals.  Morgan Stanley assists public and private corporations in raising funds in the capital markets (both equity and debt), as well as in providing strategic advisory services for mergers, acquisitions and other types of financial transactions.  Morgan Stanley acted as an underwriter in connection with both Offerings.

36.     Defendant Banc of America Securities LLC ("Banc of America") is the investment banking arm of Bank of America.  Banc of America offers trading and brokerage services; debt and securities underwriting; debt and equity research; and advice on public offerings, leveraged buyouts, and mergers and acquisitions.  Banc of America acted as an underwriter in connection with both Offerings.

37.     Defendant RBC Capital Markets Corporation ("RBC") is the corporate and investment banking division of Royal Bank of Canada.  RBC acted as an underwriter in connection with both Offerings.

38.     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") operates as an investment bank in the United States. Its businesses include securities underwriting, sales and trading, investment banking, private equity, alternative assets, financial advisory services, investment research, and asset management.  Credit Suisse acted as an underwriter in connection with the June 2008 Offering.

39.     Defendant HSBC Securities (USA) Inc. ("HSBC")  is a registered broker dealer of securities and a Futures Commission Merchant.  HSBC is also engaged in investment banking underwriting, dealing and brokering of debt and equity securities and futures contracts and is a primary dealer in U.S. Government and federal agency securities.  HSBC acted as an underwriter in connection with both Offerings.

40.     Defendant J.P. Morgan Securities Inc. ("JP Morgan") is one of the oldest operating financial services firms in the world and is a leader in investment banking, financial services, asset and wealth management and private equity.  JP Morgan acted as an underwriter in connection with both Offerings.

41.     Defendant ABN Amro Inc. ("ABN Amro") is a leading banking and fixed-income capital markets firm.  ABN Amro acted as an underwriter in connection with the June 2007 Offering.

42.     Defendant A.G. Edwards & Sons, Inc. ("A.G. Edwards") is a full service broker-dealer providing securities and commodities brokerage, investment banking, trust services, asset management, financial and retirement planning, private client services, investment management, and other related financial services to individual, governmental, and institutional clients.  A.G. Edwards is a subsidiary of defendant Wachovia Corporation.  A.G. Edwards acted as an underwriter in connection with the June 2007 Offering.

43.     Pursuant to the 1933 Act, the defendants referenced in ¶¶30-42 above are referred to herein as the "Underwriter Defendants."

44.     The Underwriter Defendants are ***strictly liable*** for the false and misleading statements in the Registration Statement.  In connection with the Offerings, the Underwriter Defendants drafted and disseminated the Registration Statement and were paid fees in connection therewith.  The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

45.     Defendant Ernst & Young LLP ("Ernst & Young") is a registered public accounting firm with its principal place of business at 5 Times Square, New York, New York.  Ernst & Young audited ING's financial statements for 2006 and 2007, issued unqualified opinions thereon that were included in ING's 2006 and 2007 Forms 20-F filed with the SEC and incorporated by reference into the Registration Statement and Prospectuses.  Ernst & Young consented to the use of its audit report in the Registration Statement and Prospectuses.

## CLASS ACTION

46.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons or entities who acquired the

Securities pursuant or traceable to the Company's false and misleading Registration Statement issued in connection with the Company's Offerings and who were damaged thereby (the "Class"). Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

47.    The members of the Class are so numerous that joinder of all members is impracticable.  The Securities were actively traded on the NYSE.  While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through appropriate discovery, plaintiffs believe that there are hundreds of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by ING or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

48.    Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class were similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

49.    Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

50.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)    whether the 1933 Act was violated by defendants' acts as alleged herein;

(b)      whether statements made by defendants to the investing public in the Registration Statement misrepresented material facts about the business, operations and management of ING; and

(c)      to what extent the members of the Class have sustained damages and the proper measure of damages.

51.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## THE FALSE AND DEFECTIVE REGISTRATION
## STATEMENT AND PROSPECTUSES

52.      On or about December 1, 2005, ING filed with the SEC a Form F-3ASR Registration Statement.  The Securities were to be issued by ING.  The Form F-3ASR incorporated by reference subsequently filed prospectuses:

[F]or the purpose of determining liability under the Securities Act of 1933 to any purchaser:

*        *        *

(ii)   Each prospectus required to be filed pursuant to Rule 424(b)(2), (b)(5) or (b)(7) as part of a registration statement in reliance on Rule 430B relating to an offering made pursuant to Rule 415(a)(1)(i), (vii) or (x) for the purpose of providing the information required by Section 10(a) of the Securities Act of 1933 shall be deemed to be part of and included in the registration statement as of the earlier of the date such form of prospectus is first used after effectiveness or the date of the first contract of sale of securities in the offering described in the prospectus. As provided in Rule 430B, for liability purposes of the issuer and any person that is at that date an underwriter, such date shall be deemed to be a new effective date of the registration statement relating to the securities in the registration statement to which the prospectus relates, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof; provided, however, that no statement made in a registration statement or prospectus that is part of the registration statement or

made in a document incorporated or deemed incorporated by reference into the registration statement or prospectus that is part of the registration statement will, as to a purchaser with a time of contract of sale prior to such effective date, supersede or modify any statement that was made in the registration statement or prospectus that was part of the registration statement or made in any such document immediately prior to such effective date.

53.    On or about June 8, 2007, ING filed, pursuant to Rule 424(b)(5) of the 1933 Act, its

Prospectus for the June 2007 Offering, which formed part of the Registration Statement (the "June

2007 Prospectus"). The June 2007 Prospectus reported, as of March 31, 2007, ING shareholder

equity of €40.117 billion.

54.    The June 2007 Prospectus also stated:

We have filed a registration statement on Form F-3 under the Securities Act of 1933, as amended, with the SEC covering the Securities. For further information on the Securities, you should review our registration statement and its exhibits.

\*        \*        \*

We incorporate by reference the documents listed below, which we filed with or furnished to the SEC:

• Our Annual Report on Form 20-F for the year ended December 31, 2006, filed on April 20, 2007; [and]

\*        \*

• Our Current Report on Form 6-K filed on June 4, 2007.

55.    The Form 20-F ING filed with the SEC on April 20, 2007, and which was

incorporated by reference into the Registration Statement, stated:

[O]ur financial position – thanks to focused portfolio management over the past three years – enables us to allocate our capital across businesses and client segments in such a way that it optimizes the highest growth and return.

\*        \*        \*

We believe ING's financial results demonstrate that our underlying performance in all business lines remains strong. . . . ING Real Estate experienced another year of strong growth, both in profits and assets under management.

\*        \*        \*

- 11 -

Our residential mortgage portfolio reached EUR 69 billion, and in terms of profit, mortgage business achieved break-even in 2006.

\*    \*    \*

Managing risks

Important progress has been made in 2006 in improving risk modelling and measurement techniques. At Group level, we are developing risk metrics that capture bank and insurance risk into a single view. We significantly improved the quantification and our understanding of the credit risk in our banking book in line with Basel II, and on the insurance side, we have introduced a market consistent framework which enables more accurate pricing of complex products.

ING strengthened the risk management organisation and centralised the risk function by means of creating the position of (deputy) Chief Risk Officer (CRO) who is responsible for managing and controlling risk on a consolidated level. These improvements further enhance the full integration of risk management in our daily business activities and strategic planning . . . .

56.    The Form 20-F also reported ING's financial performance for 2006.  Among other things, it reported total annual income of $62.378 billion and net annual profit of $8.949 billion.

57.    The Form 6-K ING filed with the SEC on June 4, 2007, and which was incorporated by reference into the Registration Statement, reported ING's condensed consolidated interim accounts for the three month period ended March 31, 2007.  It reported, *inter alia*, total income of €18.516 billion and net profit (before minority interests) of €1.958 billion.

58.    On June 13, 2007, defendants sold at least 41,800,000 6.375% Securities to the public at $25 per share pursuant to the Registration Statement.

59.    On or about June 12, 2008, ING filed, pursuant to Rule 424(b)(5) of the 1933 Act, its Prospectus for the June 2008 Offering, which formed part of the Registration Statement (the "June 2008 Prospectus").  The June 2008 Prospectus reported, as of March 31, 2008, ING shareholder equity of €539 million.

60.     The June 2008 Prospectus also stated:

We have filed a registration statement on Form F-3 under the Securities Act of 1933, as amended, with the SEC covering the Securities.  For further information on the Securities, you should review our registration statement and its exhibits.

                        *        *        *

        We incorporate by reference the documents listed below, which we filed with or furnished to the SEC:

                        *        *        *

• Our Current Report on Form 6-K filed on May 15, 2008 (our consolidated condensed interim accounts for the three-month period ended March 31, 2008); [and]

                        *        *        *

• Our Annual Report on Form 20-F for the year ended December 31, 2007, filed on March 19, 2008.

61.     The Form 20-F ING filed with the SEC on March 19, 2008, and which was incorporated by reference into the Registration Statement, stated:

        In a very challenging environment in 2007, ING performed strongly, both on the commercial front and in the areas of risk management and capital allocation.

                        *        *        *

ING has weathered the turmoil in credit markets with limited direct impact.  All in all, we believe that our performance in 2007 demonstrates that the fundamentals underpinning our business are sound.

62.     The Form 20-F also reported ING's financial performance for 2007.  Among other things, it reported total annual income of $117.707 billion and net annual profit of $14.202 billion.

63.     The Form 6-K ING filed with the SEC on May 15, 2008, and which was incorporated by reference into the Registration Statement, reported ING's condensed consolidated interim accounts for the three month period ended March 31, 2008.  It reported, *inter alia*, total income of €19.998 billion and net profit (before minority interests) of €1.564 billion.

- 13 -

64.    On June 17, 2008, defendants sold at least 80 million 8.50% Securities to the public at $25.00 per share pursuant to the Registration Statement.

65.    The Registration Statement and Prospectuses contained untrue statements of material fact or omitted to state other facts necessary to make the statements made therein not misleading and were not prepared in accordance with applicable SEC rules and regulations.

66.    The true facts which were omitted from the Registration Statement were:

(a)    Defendants' assets, including loans and mortgage-related securities, were impaired to a much larger extent than the Company had disclosed;

(b)    Defendants failed to properly record losses for impaired assets;

(c)    The Company's internal controls were inadequate to prevent the Company from improperly reporting the value of its assets; and

(d)    ING was not as well capitalized as represented, and, notwithstanding the billions of dollars raised in the Offerings, the Company would have to raise an additional €10 billion by selling equity in the Company to the Dutch government.

67.    On October 17, 2008, ING issued a press release entitled "ING's capital position in line with targets despite market turmoil in third quarter," which stated in part:

> Turmoil in financial markets and declining asset prices inevitably impacted ING's results in the third quarter, with impairments on equity and bond investments, pressurised asset classes, losses attributable to financial counterparties and fair value changes on real estate totalling approximately EUR 1.6 billion before tax. Loan loss provisioning at the bank also increased to approximately EUR 400 million. That is expected to result in a net loss of approximately EUR 500 million in the third quarter, based on preliminary numbers.
>
> . . . ING's Alt-A, subprime and CDO investments of approximately EUR 1.5 billion after tax were reflected in shareholders' equity in the third quarter, bringing total shareholders' equity to EUR 23.9 billion at the end of September.

68.    On this news, the price of the Securities dropped over 8%.

69.    On October 19, 2008, ING issued a press release entitled "ING to strengthen core capital by EUR 10 billion," which stated in part:

> ING announced today that it has reached an agreement with the Dutch government to strengthen its capital position, creating a strong buffer to navigate the current market and economic environment. ING will issue non-voting core Tier-1 securities for a total consideration of EUR 10 billion to the Dutch State.
>
> *        *        *
>
> ING Group will use the proceeds of the transaction to increase shareholders' equity in ING Bank by EUR 5 billion and to strengthen the balance sheet of ING Insurance by EUR 2 billion. The remaining EUR 3 billion will be used to reduce the Debt/Equity ratio at ING Group from 15% to around 10%. After this transaction, ING Bank's core Tier-1 ratio will be around 8%, with ING Bank's Tier-1 ratio above 10%.

70.    On October 23, 2008, ING announced that defendant Hele, ING's CFO, was stepping down effective March 31, 2009.

## COUNT I

### Violations of §11 of the 1933 Act
### Against All Defendants

71.    Plaintiffs repeat and reallege each and every allegation contained above.

72.    This Count is brought pursuant to §11 of the 1933 Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.  For purposes of this Count, plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Count is based solely on claims of strict liability and/or negligence under the 1933 Act.

73.    The Registration Statement was false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

74.     ING was the registrant for the Offerings.  As issuer of the Securities, ING is strictly liable to plaintiffs and the Class for the misstatements and omissions.

75.     The Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.  Each of the Individual Defendants signed or authorized the signing of the Registration Statement.  None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

76.     Defendant Ernst & Young audited the publicly reported financial statements that were incorporated by reference into the Registration Statement and Prospectuses.  Ernst & Young's audit reports were also incorporated by reference in the Registration Statement and Prospectuses.  These audit reports falsely stated that Ernst & Young's audits were performed in accordance with Generally Accepted Auditing Standards and that ING's financial statements were presented in accordance with Generally Accepted Accounting Principles.

77.     Ernst & Young consented to being identified as having prepared or certified part of the Registration Statement and Prospectuses.  The Registration Statement was materially false and misleading as set forth above.  As such, Ernst & Young is liable to the plaintiffs and the Class for damages.

78.     Ernst & Young is strictly liable to the members of the Class who during the Class Period purchased or otherwise acquired the Securities in or traceable to the Offerings, for the misstatements and omissions in its audit reports and in the financial statements that it audited.

79.     By reason of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, §11 of the 1933 Act.

80.     Plaintiffs acquired the Securities pursuant and/or traceable to the Registration Statement.

81.     Plaintiffs and the Class have sustained damages.  At the time of their purchases of the Securities, plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to October 2008.  Less than one year has elapsed from the time that plaintiffs discovered or reasonably could have discovered the facts upon which this complaint is based to the time that plaintiffs filed this complaint.  Less than three years elapsed between the time that the Securities upon which this Count is brought were offered to the public and the time plaintiffs filed this complaint.

## COUNT II

### Violations of §12(a)(2) of the 1933 Act
### Against the Underwriter Defendants and ING

82.     Plaintiffs repeat and reallege the allegations set forth above as if set forth fully herein. For purposes of this Count, plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Count is based solely on claims of strict liability and/or negligence under the 1933 Act.

83.     ING was the registrant for the Offerings.  By means of the defective Prospectuses, the Underwriter Defendants assisted in the sale of the Securities to plaintiffs and other members of the Class.

84.     The Prospectuses contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above.  ING and the Underwriter Defendants owed plaintiffs and the other members of the Class who purchased the Securities pursuant to the Prospectuses the duty to make a reasonable and diligent investigation of the statements contained in the Prospectuses to ensure that such statements were true and that there was no omission to state a

- 17 -

material fact required to be stated in order to make the statements contained therein not misleading. These defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectuses as set forth above.

85.    Plaintiffs did not know, nor in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Prospectuses at the time plaintiffs acquired the Securities.

86.    By reason of the conduct alleged herein, defendants violated §12(a)(2) of the 1933 Act. As a direct and proximate result of such violations, plaintiffs and the other members of the Class who purchased the Securities pursuant to the Prospectuses sustained substantial damages in connection with their purchases of the Securities. Accordingly, plaintiffs and the other members of the Class who hold such Securities have the right to rescind and recover the consideration paid for their Securities, and hereby tender their Securities to the defendants sued herein. Class members who have sold their Securities seek damages to the extent permitted by law.

## COUNT III

### Violations of §15 of the 1933 Act
### Against the Individual Defendants

87.    Plaintiffs repeat and reallege each and every allegation contained above.

88.    This Count is brought pursuant to §15 of the 1933 Act against the Individual Defendants. For purposes of this Count, plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Count is based solely on claims of strict liability and/or negligence under the 1933 Act.

89.    Each of the Individual Defendants was a control person of ING by virtue of his or her position as a director, senior officer and/or major shareholders of ING which allowed each of these defendants to exercise control over ING and its operations.

90.    Each of the Individual Defendants was a culpable participant in the violations of §11 of the 1933 Act alleged in the Count above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the Offerings to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief and judgment, as follows:

A.    Determining that this action is a proper class action and certifying plaintiffs as Class representatives;

B.    Awarding compensatory damages in favor of plaintiffs and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.    Awarding rescission or a rescissory measure of damages; and

E.    Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: February 5, 2009                COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD


                                       _____
                                             /S/ Samuel H. Rudman
                                          SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
MATTHEW P. MONTGOMERY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

S:\CptDraft\Securities\Cpt ING Groep NV.doc

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

MARSHALL FREIDUS ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 6/6/07 | 17,000 shares | $25.00 |
|  |  |  |
|  |  |  |
|  |  |  |

5.    Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6.    The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

ING

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _3_ day of _FEBRUARY_, 2009.

_____
MARSHALL FREIDUS

ING

## PLAINTIFF CERTIFICATION

EDWARD P. ZEMPRELLI ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 06/10/08 | 2,000 | 25 |

5.    Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities law except as detailed below during the three years prior to the date of this Certification.

Edward J. Zemprelli v. The Royal Bank of Scotland Group plc, et al., 09-cv-00300 (SD NY).

6.    The Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _7ᵗʰ_ day of _January_ 2009.

EDWARD P. ZEMPRELLI