UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARSHALL FREIDUS and EDWARD P. ZEMPRELLI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ING GROEP N.V., et al., <br><br> Defendants. | Civil Action No. 1:09-cv-01049-LAP <br> (**Consolidated**) <br><br> <u>CLASS ACTION</u> |

PLAINTIFFS' MOTION TO STRIKE AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ...........................................................................................................3

A. Exhibits B, C, E, G, H and Z Must Be Stricken ....................................................3

B. Exhibits I and II Must Be Stricken as They Are Not Matters of Public Record Subject to Judicial Notice and Cannot Be Relied Upon to Dispute the Complaint's Falsity or Materiality ....................................................................5

III. CONCLUSION .......................................................................................................9

Lead Plaintiffs Marshall Freidus and Belmont Holdings and named plaintiff Ray Ragan (collectively, "plaintiffs") hereby move to strike certain exhibits attached to the Declaration of Mitchell A. Lowenthal (Docket #77) ("Lowenthal Decl.") filed in support of Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Amended Complaint (Docket #78) (the "Motion").  Plaintiffs hereby move to strike Exhibits B, C, E, G, H, I, Z and II in their entirety, and any reference to them, as they are not referenced in plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Complaint" or "CAC"), are not matters of public record subject to judicial notice (nor have defendants requested judicial notice of them), and cannot be relied upon to contradict the allegations in the Complaint as defendants do here.[1]

## I.   INTRODUCTION

In their Motion, defendants improperly rely on the extraneous documents to dispute the Complaint's falsity and materiality allegations – a strategy which is prohibited at this early stage in the proceedings.  Courts in this circuit have long recognized that, when deciding a motion to dismiss, a court may only consider documents attached to the complaint as exhibits, or incorporated in it by reference, and matters of public record subject to judicial notice.  *See In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370, 383 n.99 (S.D.N.Y. 2007) (when considering competing inferences of scienter, the court may only consider "the complaint and other public documents on which Courts ordinarily rely in deciding a motion to dismiss, 'while constantly assuming the plaintiff's allegations to be true'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 326-27, 127 S. Ct. 2499, 2509, 2511-12 (2007)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct.

---

[1]   Plaintiffs respectfully request that this motion to strike be heard in conjunction with defendants' Motion.

1955 (2007).[2]  These are narrow exceptions and are not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  Moreover, at the motion to dismiss stage extraneous documents certainly may not be considered for the truth of their contents or to dispute plaintiffs' claims.  *See In re Omnicom Group, Inc. Sec. Litig.*, No. 02 Civ. 4483 (RCC), 2005 WL 735937, at *13 (S.D.N.Y. Mar. 30, 2005) (rejecting defendants' request for judicial notice of SEC filings to prove the truth of their purported contents).  Yet that is exactly what defendants do here.

Disregarding these well established rules defendants improperly rely on Exhibits B, C, E, G, H, I, Z and II, none of which are referenced in the Complaint or are matters of public record, to contest the Complaint's well-pled allegations.  By doing so, defendants are essentially requesting that the Court disregard plaintiffs' allegations in favor of defendants' version of the facts. Defendants' scheme of essentially skipping to summary judgment while plaintiffs are barred from taking relevant discovery not only violates the clear language of Rule 12(b)(6), it also turns the shield of the Private Securities Litigation Reform Act of 1995's stay of discovery into a sword aimed at defeating legitimate claims.[3]

Accordingly, plaintiffs move to strike the following exhibits and any references made to them in defendants' motion:

---

[2]  *See also Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000) (for purposes of a motion to dismiss, the court's review of documents is limited to documents attached to or incorporated by reference into the complaint, public disclosure documents that have been filed with the SEC and documents upon which plaintiff relied in filing the action); *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 195 (S.D.N.Y. 2003) (same).

[3]  Alternatively, should the Court choose to consider any of the exhibits addressed above, it ***must*** convert defendants' motion into one for summary judgment and afford plaintiffs the opportunity to conduct discovery and present evidence in opposition to defendants' motion. *See* Fed. R. Civ. P. 12(d).

| | |
|---|---|
| Exhibit B: | Ben Bernanke's "Address to the Federal Reserve Bank of Chicago's 43rd Annual Conference on Bank Structure and Competition," dated May 17, 2007; |
| Exhibit C: | Article by Emily Kaiser, "Paulson Sees U.S. Housing Downturn Near End," published in Reuters on July 2, 2007; |
| Exhibit E: | Article by John Helyar, "Ten Days Changed Wall Street as Bernanke Saw 'Massive Failures,'" published in Bloomberg on September 22, 2008; |
| Exhibit G: | The U.S. Treasury Department's TARP Transaction Report for the period ending July 1, 2009; |
| Exhibit H: | A De Nederlandsche Bank Press Release, "Measures by the Dutch Authorities to Protect the Financial Sector," dated October 9, 2008; |
| Exhibit I: | Excerpt from an ING Group N.V. presentation to financial analysts, dated November 13, 2008; |
| Exhibit Z: | A Printout from Markit's Structured Finance Indices Website; and |
| Exhibit II: | Excerpt from an ING Group N.V. presentation to financial analysts, dated May 14, 2008. |

As these exhibits are not referenced in the Complaint, are not matters of public record subject to judicial notice, and cannot be relied upon to dispute the Complaints' allegations, they must be stricken.

## II.   ARGUMENT

### A.   Exhibits B, C, E, G, H and Z Must Be Stricken

In their Motion, defendants improperly rely upon Exhibits B, C, E, G, H and Z as evidence to dispute plaintiffs' allegations. None of these exhibits are referenced in the Complaint, are the subject of judicial notice (nor have defendants' made such a request), and should not be considered by the Court. Defendants rely upon Exhibits B, C, E and G as part of their "factual background" section to attack plaintiffs' allegations regarding the state of the real estate and mortgage markets at the time of the Offerings. Defendants claim, for example, that the subprime market crash "began in early 2007" and did not begin affecting residential mortgage-backed securities ("RMBS") and other

structured securities until "late 2007." Motion at 4 (citing Exhibits B and C). These contentions are clearly contradicted by the well pled allegations in the Complaint, which demonstrate that the collapse of the U.S. housing market had caused the value of **both** ING's "Alt-A" and subprime RMBS portfolios to plummet in early 2007. ¶¶74-101.[4]

Similarly, defendants claim that Exhibit H, a press release from the De Nederlandsche Bank regarding the Dutch Government's bailout of ING in October 2008, states that the purpose of the bailout was to "preserve a level playing field" with other banks, not because the decline in the Company's RMBS portfolios was causing a liquidity crisis as the Complaint alleges. *See* Motion at 5; 43-44. Not only does this press release fail to *support* defendants' version of the facts – it is clearly consistent with the allegations of the CAC (¶¶107-111) – even if defendants' claims were factually correct (which they are not), the Court cannot consider the document for the purpose of proving or evidencing defendants' hypotheses.[5]

As the documents are neither referenced in the Complaint nor are matters of public record subject to judicial notice, they should not be considered by the Court at this stage of the proceedings. *See United States SEC v. Power*, 525 F. Supp. 2d 415, 418 n.2 (S.D.N.Y. 2007) (refusing to consider news reports attached to attorney declaration because they were not attached to or referenced in plaintiffs' complaint); *In re IAC/InterActiveCorp. Sec. Litig.*, 478 F. Supp. 2d 574, 590 n.8

---

[4]   All "¶¶__" references are to the Complaint.

[5]   Likewise, defendants rely upon Exhibit Z, a purported printout from a "Markit" website, as evidence that "[p]laintiffs' allegations about the ABX.HE and TABX.HE indices" do not support the CAC's claim that ING was obligated to disclose its RMBS holdings because the indices only track certain credit-default swaps. Motion at 19. As alleged in the Complaint, however, the indices were used by ING to track the value of its RMBS portfolios and, beginning in October 2006, demonstrate that ING's RMBS holdings were becoming increasingly risky. ¶¶88-92.

(S.D.N.Y. 2007) (refusing to consider extraneous contracts submitted by defendants in support of their motion to dismiss because the complaint did not rely on the contracts).

While courts have taken judicial notice of articles in certain circumstances they have done so for limited purposes, not for the truth of the matter asserted as defendants are improperly asking the Court to do here. *See In re Merrill Lynch & Co. Research Reports Sec. Litig.* 289 F. Supp. 2d 416 (S.D.N.Y. 2003) (the court considered newspaper articles for the limited purpose of showing that investment community was on inquiry notice of defendants' alleged fraud at least two years before filing complaint); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402 (S.D.N.Y. 2005) (court limited its consideration of newspaper articles not referenced in the complaint to the fact of the article's publication and not for the truth of the matter asserted). While this standard is uniformly acknowledged, defendants disregard it and urge the Court to improperly draw inferences from Exhibits B, C, E, G and Z that their failure to disclose the Company's RMBS holdings and risky nature of those securities was "immaterial." *See, e.g.*, Motion at 44. Defendants' reliance on these documents in this manner is both inappropriate and a mischaracterization of the Complaint's allegations. *See Tellabs*, 127 S. Ct. at 2509-10 (on a motion to dismiss the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff).

      **B.**     **Exhibits I and II Must Be Stricken as They Are Not Matters of Public Record Subject to Judicial Notice and Cannot Be Relied Upon to Dispute the Complaint's Falsity or Materiality**

Similarly, Exhibits I and II, which defendants claim are excerpts from two presentations allegedly given to analysts by ING, must be stricken as they are not referenced in the Complaint nor

- 5 -

are they matters of public record subject to judicial notice.[6] Defendants rely upon Exhibit II to argue that defendants' failure to disclose any details about ING's RMBS portfolios were immaterial because some of that information had been disclosed in a presentation, and therefore its disclosure would not alter the "total mix" of information.[7] Motion at 41. Defendants claim that because these analyst presentations were available on ING's website they are "appropriate for judicial notice" (although defendants do not actually ask the Court to notice them). Motion at 41 n.50.

First, the issues for which Exhibit II has been offered are at the heart of plaintiffs' falsity and materiality allegations and defendants are simply not permitted to use extraneous documents at this stage to dispute the well pled allegations in the Complaint. It is well established that extraneous documents may only be considered incorporated if they are integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (a court may consider extraneous documents without converting the motion to dismiss into one for summary judgment only in very limited circumstances "where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint"); *In re Pfizer Inc. Sec. Litig.*, 584 F. Supp. 2d 621, 631 (S.D.N.Y. 2008) (in deciding a motion to dismiss, the court may only consider documents which form the basis of the allegations of fraud if the documents are "'integral to the complaint'") (citation

---

[6]   Furthermore, defendants have failed to offer any support as to the authenticity of Exhibits I or II. While defendants claim that the documents were printed off ING's website, they provide no declaration from a ING representative supporting their claim that this information was actually provided to analysts. Exhibits I and II are also incomplete, and, as such, plaintiffs dispute both their authenticity and the conclusions defendants rely on. These documents therefore cannot be considered in deciding defendants' motion to dismiss. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (even if a document is integral to the Complaint, it cannot be considered if the contents and authenticity of the document are disputed).

[7]   Defendants rely upon Exhibit I as support for their argument that the Dutch government bailout was done to "level the playing field." Motion at 5. For the reasons discussed above regarding Exhibit H, this argument is factually incorrect and should be stricken.

omitted); *see also In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (defendants' efforts to have court weigh evidence from outside the pleadings is procedurally improper).

Furthermore, Exhibits I and II are not the type of document considered to be a public record. *See In re Astea Int'l Inc. Sec. Litig.*, No. 06-1467, 2007 WL 2306586, at *8-*10 (E.D. Pa. Aug. 9, 2007) (public records include criminal case depositions, government agency decisions, and published reports of administrative bodies). Exhibits I and II are only excerpts of selected documents prepared by ING, and at this stage of the case they are neither relevant nor appropriate for consideration. And, it is certainly improper to accept or consider defendants' self-serving interpretation of the documents on a motion to dismiss. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (at the motion to dismiss stage it is an error for the court to consider extraneous documents to make a finding of fact that controverts the allegations in a plaintiff's complaint); *see also Immune Response,* 375 F. Supp. 2d at 995 (on a motion to dismiss courts should not generate an evidentiary record and then weigh evidence to dismiss a complaint). Therefore, as the presentations have not been made part of he record, they should not be considered by the Court.

Finally the self-serving sections of Exhibit I and II that defendants rely on cannot be used to challenge these hotly contested factual or legal issues, or taken for the truth of the matters asserted therein, *i.e.*, that defendants' omissions were immaterial. Importantly, defendants have admitted that the Offering Materials ***explicitly told investors not to rely any material on ING's website*** or any other materials outside the Offering Materials when making their decision to invest in the Securities. Motion at 41 n. 50. The June 2008 Prospectus explicitly states, in bold print: ***"You should rely only on the information contained or incorporated by reference in this prospectus supplement and the***

*accompanying prospectus.*" Declaration of Lucas F. Olts in Support of Plaintiffs' Motion to Strike, Ex. A. Defendants are not permitted to fail to disclose material information in the Offering Materials and then argue that the information had been disclosed elsewhere. *See In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 276 n.10 (3d Cir. 2004) (omission actionable under §11 even where the information was disclosed in a pre-IPO press release). At this stage of the case, it would be improper for the Court to interpret the (only partially disclosed) contents of specifically selected presentations created by the Company or weigh such evidence to resolve these disputed facts. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) ("A court's task 'in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."'") (citation omitted). The Court should not accept defendants' factual interpretations and conclusions without converting defendants' motion to dismiss into one for summary judgment and allowing plaintiffs to take discovery on these highly contested issues. *See Watts v. Jackson Hewitt Tax Serv.*, 579 F. Supp. 2d 334, 344 (E.D.N.Y. 2008) (the purpose of Rule 12(d)'s conversion requirement is to deter courts from engaging in fact finding when ruling on a motion to dismiss and "'ensur[ing] that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence'" by conducting its own discovery) (citation omitted).

## III. CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court strike Exhibits B, C, E, G, H, I, Z and II attached to the Lowenthal Decl. and any reference thereto in defendants' Motion. In the alternative, should the Court consider any of the exhibits, plaintiffs respectfully request that the Court convert defendants' motion into one for summary judgment.

DATED: December 18, 2009        Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ANDREW J. BROWN
LUCAS F. OLTS


              s/ ANDREW J. BROWN
              ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
JOSEPH F. RUSSELLO
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Co-Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 18, 2009.

s/ ANDREW J. BROWN
ANDREW J. BROWN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  andrewb@csgrr.com

## Mailing Information for a Case 1:09-cv-01049-LAK

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stuart Jay Baskin**
  sbaskin@shearman.com

- **David A.P. Brower**
  brower@browerpiven.com,reception@browerpiven.com

- **Andrew J. Brown**
  andrewb@csgrr.com,nhorstman@csgrr.com,e_file_sd@csgrr.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **Adam Selim Hakki**
  ahakki@shearman.com

- **Jonathan K. Levine**
  jkl@girardgibbs.com,ams@girardgibbs.com,mcr@girardgibbs.com,dcg@girardgibbs.com,amv@girardgibbs.com,ras@girardgibbs.com,chc@girardgibbs.com,ace@girardgibbs.com,ajd@

- **Mitchell A. Lowenthal**
  maofiling@cgsh.com

- **Eric I. Niehaus**
  ericn@csgrr.com

- **Lucas F. Olts**
  lolts@csgrr.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

- **David Lloyd Wales**
  Wales@whafh.com

- **Herbert Scott Washer**
  herbert.washer@shearman.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)