UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSHALL FREIDUS and EDWARD P. ZEMPRELLI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ING GROEP N.V., et al.,<br><br>Defendants. | Civil Action No. 1:09-cv-01049-LAK (**Consolidated**)<br><br>CLASS ACTION |

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE

Plaintiffs respectfully submit this Reply Memorandum in Further Support of Their Motion to Strike the extraneous documents that defendants have submitted in support of their Motion to Dismiss the Consolidated Amended Complaint.[1] Defendants' arguments in support of submitting the extraneous documents are without merit.

# I. ARGUMENT

## A. Plaintiffs' Motion Is Procedurally Proper

Defendants claim that plaintiffs' Motion to Strike is procedurally improper. Not so. As defendants' own authority notes, "[a] court has the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Sierra v. United States*, No. 97 CIV. 9329(RWS), 1998 WL 599715, at *9 (S.N.D.Y. Sept 10, 1998). Where, as here, a party has improperly submitted evidence in support of a motion to dismiss, courts routinely grant motions to strike. *See, e.g., In re Tommy Hilfiger, Sec. Litig.,* No. 04-civ-7678, 2007 WL 5581705, at *5 (S.D.N.Y. July 20, 2007) (granting plaintiffs' motion to strike exhibits in support of motion to dismiss because "[i]n considering a motion to dismiss under 12(b)(6), the Court is limited to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference"); *City of Livonia Employee's Ret. Sys. v. Essner*, No. 07 Civ. 10329(RJS), 2009 WL 1809984 (S.D.N.Y. June 25, 2009) (granting plaintiffs' motion to strike exhibits from declaration in support of motion to dismiss). This Court clearly has the authority to grant the relief requested by plaintiffs, and should do so here.

---

[1] Unless otherwise noted, plaintiffs adopt all shorthand references from their Motion to Strike, and all emphasis is added and citations are omitted.

**B. The Investor Presentations Should Be Stricken**

Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike ("Defs' Opp.") repeats the argument in their moving papers that, because Exhibit II disclosed some details of ING's RMBS portfolios that were not included in the Offering Documents, defendants' misstatements and omissions in the June 2008 Offering Documents were immaterial. Defs' Opp. at 7; Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Amended Complaint ("Defs' Mot.") at 41. Therefore, defendants assert, the document should be considered by the Court as part of the "total mix" of information. Defs' Opp. at 7. This argument fails for several reasons.

First, by defendants' own admission, Exhibit II was "available to the public in the 'Investor Relations' section of ING's website." ***It was never filed with the SEC or incorporated by reference into the Offering Materials***. Defs' Mot. at 41; Defs' Opp. at 7. Nor have defendants even attempted to argue that the exhibit was included in published analyst reports, was considered by investors, ***or even that it became publically known before the June 2008 Offering***. Simply claiming that a presentation was posted ***as of the date of their Motion in 2009*** on an obscure page of ING's website does not satisfy defendants' burden of showing that this information rendered the false statements and omissions in the Offering Materials immaterial as a matter of law. Indeed, the June 2008 Offering Materials specifically claimed that the Company had "weathered this market turmoil with limited direct impact" and that ING's RMBS holdings were of "high quality." ¶¶136-137[2]; *see Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221, 238 (S.D.N.Y. 2006) ("even if the news articles, [a previously filed] complaint, and the disclaimers in Goldman research reports

---

[2] All "¶¶_" references are to the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Complaint" or "CAC").

raised some concern in the market about Goldman's alleged conflicts, such information was counteracted by contemporaneous statements by Goldman, informing the market that its research was of high quality, independent, and objective").

Moreover, where, as here, a defendant explicitly tells investors not to consider information outside of proxy materials, extraneous information should not be considered as evidence. Judge Rakoff recently addressed this issue in *Sec. and Exch. Comm'n v. Bank of Am. Corp.*, No. 09 Civ. 6829(JSR), 2010 WL 6751 (S.D.N.Y. Jan 4, 2010). There, the Securities and Exchange Commission ("SEC") charged Bank of America ("BofA") with falsely representing in a proxy that Merrill Lynch was prohibited from paying year-end bonuses without BofA's approval. *Id*. at *1. The SEC moved to exclude news articles and other evidence submitted by BofA that "shareholders already knew, as a result of widespread media reports, that Merrill was expected to pay billions of dollars in year-end bonuses," arguing that the proxy statement explicitly told investors not to consider any extraneous information. *Id*. Judge Rakoff excluded the evidence, holding that "since [the defendant bank] itself warned investors not to rely on the media, it would be unreasonable for a shareholder to consider the media pronouncements to be part of the relevant mix of information." *Id*. at *2. He further stated:

> In effect, the Bank is arguing that, even though it expressly warned its shareholders to disregard the media, it can now defend itself by asserting that a reasonable shareholder would have disregarded these warnings and, by consulting the media, perceived that the Bank's alleged lies were immaterial. Even a zealous advocate might perceive that such an argument hints at hypocrisy.

*Id*. at *3.

More than a hint in this case, defendants now argue that the language in the June 2008 Offering Materials is simply "boilerplate" and investors should know better than to rely on the plain

language of the Offering Materials.[3] Defs' Opp. at 10-11. The very case defendants cite in support, however, *In re WorldCom, Inc. Sec. Litig.*, 346 F. Supp 2d 628 (S.D.N.Y. 2004), specifically contradicts their claim that Exhibit II should be considered by the Court. In denying a motion to dismiss a Section 11 claim on materiality grounds, Judge Cote held, "the Second Circuit has . . . found . . . there are 'serious limitations' on a Section 11 defendant's ability to 'charge its stockholders with knowledge of information omitted from a . . . prospectus on the basis that the information is public knowledge and otherwise available to them.' . . . Moreover, ***sporadic press reports or reports published in other contexts may 'not be considered*** to be part of the information that was reasonably available' to investors." *Id*. at 688.[4]

Defendants make a last-ditch effort to admit the investor presentation by speculating and incorrectly claiming that Exhibit II "was the source of allegations in the CAC." Defs' Opp. at 8.

---

[3] Defendants' argument that a reasonable investor would not have considered this language in the Offering Materials because it is only there as a result of an SEC rule should cause this Court – and every investor – pause. At worst, it seems to admit a false and misleading statement in the Offering Materials. At best, one must wonder what other statements in the Offering Materials a responsible investor should not rely upon because it is only in there as a result of an SEC rule, not because they are ***true***. "The point of a proxy statement, after all, should be to inform, not to challenge the reader's critical wits." *Virginia Bankshares, Inc., v. Sandberg*, 501 U.S. 1083, 1097-98 (1991).

[4] The cases relied upon by defendants are inapposite to the facts here. For example, in *Garber v. Legg Mason, Inc.,* No. 08-1831-cv, 2009 WL 3109914, at *2 (2d Cir. Sept. 30, 2009), the court held that because the fact an employee was leaving the company was widely reported in three separate SEC filings and three separate news articles, it could be considered immaterial. In contrast, Exhibit II – which was hidden on ING's website – was ***never*** filed with the SEC or cited in news articles, and thus was not sufficient to correct the misstatements and omissions in the Offering Materials. *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168 (2d Cir. 2000). Likewise, in *City of Livonia*, the plaintiffs specifically did not seek to strike the presentation itself, which was presented at the company's annual conference. 2009 WL 1809984 at 4.

This argument has no basis.[5] Nowhere in the CAC is Exhibit II referenced, mentioned, or cited. The fact that some of the same data that can be gleaned from Exhibit II is also found in the CAC does not render Exhibit II "integral" to the CAC's allegations, as all of the information cited in Defs' Opp. could have been gathered from other sources, such as news reports, witnesses, internal documents, analyst reports, and even other disclosures that came out ***after*** the June 2008 Offering. Thus, there is no basis for defendants' claim that Exhibit II is integral to the CAC. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint ***is a necessary prerequisite*** to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough").

Last, even if this Court could consider Exhibit II, that document cannot satisfy defendants' extraordinary burden of rebutting the presumption that the misrepresentations and omissions in the June 2008 Offering Materials were unknown to the market, as the "truth-on-the-market defense is intensely fact-specific and is rarely an appropriate basis for dismissing a . . . complaint for failure to plead materiality." *Ganino*, 228 F.3d at 167; *see also Hall v. Children's Place Retail Stores, Inc.*, 580 F. Supp. 2d 212, 229 (S.D.N.Y. 2008) ('"Whether the [company's] problems were adequately disclosed to the market is a fact-intensive query that cannot be disposed of on a motion to dismiss.'"). The Second Circuit has "stressed that such 'corrective information must be conveyed to the public with a degree of intensity and credibility sufficient to counter-balance effectively any

---

[5] Defendants' bold assertion that plaintiffs must have conducted "no investigation based upon confidential witnesses or internal documents" into the allegations in the Complaint is false. Defs' Opp. at 8. Defendants offer no support for their claim, not could they.

misleading information created by the alleged statements.'" *Lapin*, 506 F. Supp. 2d at 238 (citing *Ganino*, 228 F.3d at 168).[6]

### C. Exhibits B, C, E, G, H and Z Should Be Stricken Because They Are Not Integral to the Complaint and Cannot Be Used for the Truth of the Matter Asserted

Defendants now claim that they have only submitted Exhibits B, C, E, G, H and Z for the mere "fact of publication." Defs' Opp. at 4. This argument is a pure sophistry. Plaintiffs do not contend there was no collapse in the United States housing and global credit markets as defendants erroneously claim. *Id.* at 3. To the contrary, these facts, as plead in the CAC, are obviously an important part of plaintiffs' allegations. *See, e.g.*, ¶¶74-101. Despite their proclamation otherwise, each of the exhibits proffered by defendants have all been submitted for their truth in an effort to add additional "facts" supporting their theories for the Court's consideration, and are wholly improper.

For example, defendants undeniably submitted the fact that Ben Bernanke spoke on May 17, 2007 regarding problems with subprime mortgages to prove that the subprime collapse did not begin until "late 2007." Defs' Mot. at 4. As these supposed "facts" are contradicted by the CAC's well pled allegations, this and each of the other exhibits should be stricken. *See Tommy Hilfiger*, 2007 WL 5581705, at *5 (rejecting defendants' claim that were only offering "news articles regarding the market reaction" to adverse news about the company "for the fact of their publication" in support of their motion to dismiss and holding "[t]he fact of their publication alone is irrelevant, and thus plaintiffs' Motion to Strike these exhibits is granted").

---

6 Moreover, the truth-on-the-market defense requires an efficient market, and no efficient market has been alleged here. *See In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 276 (3d Cir. 2004) (document available before the IPO does not establish truth-on-the-market because there is no evidence of an efficient market to incorporate the information into the stock price).

## II. CONCLUSION

For the reasons set forth above, and in Plaintiffs' Motion to Strike and Memorandum of Points and Authorities in Support Thereof, plaintiffs respectfully request that the Court strike Exhibits B, C, E, G, H, I, Z and II attached to the Declaration of Mitchell A. Lowenthal and any reference thereto in defendants' motion. In the alternative, should the Court consider any of the exhibits, plaintiffs respectfully request that the Court convert defendants' motion into one for summary judgment.

DATED: January 7, 2010

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ANDREW J. BROWN
LUCAS F. OLTS
ERIC NIEHAUS

s/ ANDREW J. BROWN
ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
JOSEPH F. RUSSELLO
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LAW OFFICES OF BERNARD M. GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

Co-Lead Counsel for Plaintiffs

S:\CasesSD\ING Groep\secy\BRF00063978_Pltfs Rply Mem.doc

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 7, 2010.

s/ ANDREW J. BROWN

ANDREW J. BROWN

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:Andrewb@csgrr.com

# Mailing Information for a Case 1:09-cv-01049-LAK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stuart Jay Baskin**
  sbaskin@shearman.com
- **David A.P. Brower**
  brower@browerpiven.com,reception@browerpiven.com
- **Andrew J. Brown**
  andrewb@csgrr.com,nhorstman@csgrr.com,e_file_sd@csgrr.com
- **Deborah R Gross**
  debbie@bernardmgross.com
- **Adam Selim Hakki**
  ahakki@shearman.com
- **Jonathan K. Levine**
  jkl@girardgibbs.com,ams@girardgibbs.com,mcr@girardgibbs.com,dcg@girardgibbs.com,amv@girardgibbs.com,ras@girardgibbs.com,chc@girardgibbs.com,ace@girardgibbs.com,ajd(
- **Mitchell A. Lowenthal**
  maofiling@cgsh.com
- **Eric I. Niehaus**
  ericn@csgrr.com
- **Lucas F. Olts**
  lolts@csgrr.com
- **David Avi Rosenfeld**
  drosenfeld@csgrr.com
- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com
- **David Lloyd Wales**
  Wales@whafh.com
- **Herbert Scott Washer**
  herbert.washer@shearman.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)